UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LETANYA JEAN BART

    Plaintiff,                                            Civil Action No. 15-CV-13578

vs.                                                     HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

        This matter is presently before the Court on cross motions for summary judgment [docket entries 8 and 11]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny plaintiff's motion and grant defendant's motion.

        Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying her application for Social Security disability insurance benefits. An Administrative Law Judge ("ALJ") held a hearing in February 2014 (Tr. 24-56) and issued a decision denying benefits in April 2014 (Tr. 8-19). This became defendant's final decision in August 2015 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

        Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination the Court does not review the record de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial

evidence, defendant's decision must be upheld even if substantial evidence would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

At the time of her February 2014 hearing, plaintiff was 51 years old. She has some college education and work experience as a physical therapy aide, an office manager, and a veterinarian technician (Tr. 29-30, 186, 210). Plaintiff claims she has been disabled since July 2008 due to Hashimoto's disease[1], inability to stand, edema in her legs and feet and hands, sleepiness/narcolepsy, pain in her back and hips, obstructive sleep apnea, COPD, weight gain/obesity, depression, hypertension, goiter, bunions, arthritis, and scoliosis (Tr. 29, 32-43, 141, 185). Her insured status expired in September 2010 (Tr. 13, 159).

The ALJ found that plaintiff's severe impairments are "hypertension, hyperlipidemia, chronic obstructive pulmonary disease versus asthma, obesity, obstructive sleep apnea, hypothyroidism/Hashimoto's thyroidism, history of bunion surgery, and chronic lower extremity edema" (Tr. 13) and that her non-severe impairments are "narcolepsy, . . . depressed mood disorder, back dysfunction, and arthritis" (Tr. 14). The ALJ found that plaintiff cannot perform her past work (Tr. 17), which the vocational expert ("VE") classified at the medium exertional level (Tr. 51), but that she has the residual functional capacity ("RFC") to perform a limited range of unskilled, light-level work (Tr. 14).[2] A VE testified in response to a hypothetical question that a person of plaintiff's

---

[1] "Hashimoto's disease is a condition in which your immune system attacks your thyroid, a small gland at the base of your neck below your Adam's apple." http://www.mayoclinic.org/diseases-conditions/hashimotos-disease/basics/definition

[2] Specifically, the ALJ found that plaintiff

is able to lift up to 20 pounds occasionally and 10 pounds frequently.

2

age, education, and work experience, and who has this RFC, could work as an information clerk or general office clerk, jobs which exist in significant numbers in southeast Michigan (Tr. 52-53). Based on this testimony, the ALJ concluded that plaintiff is not disabled.

Having reviewed the administrative record and the parties' briefs, the Court concludes that the ALJ's decision in this matter is supported by substantial evidence. The issue in this case is whether substantial evidence supports the ALJ's decision that plaintiff was able to perform a limited range of light-level work during the 27-month period between her alleged disability onset date (July 1, 2008) and the date her insured status expired (September 30, 2010). The ALJ was permitted to reach this decision in light of the minimal amount of medical care plaintiff sought during this period, the long gaps in time between appointments, and the nature of the findings noted in the medical records.

During the time frame at issue, the record shows that plaintiff sought medical care on only seven occasions. She saw her primary care physicians, Drs. Bond and Kritz, on five occasions (August 2008, November 2009, January 2010, June 2010, and July 2010); and she sought emergency room treatment at St. Joseph Hospital on two occasions (December 2008 and May 2009). The ALJ justifiably found that the records from these visits contain no objective findings that

---

> The claimant, however[,] can stand and/or walk for only up to four hours in an eight-hour workday. The claimant is limited to occasional bending, stopping, crawling, kneeling, crouching, and climbing. The claimant would need a clean-air environment free from concentrated levels of dust, fumes, gases, chemicals, or other airborne irritants. The claimant should avoid operating vehicles, and should avoid all hazards, such as, but not limited to, open bodies of water, open flames, moving machinery, sharp objects, and unprotected heights.

(Tr. 14.)

support plaintiff's allegation that her impairments were of disabling severity for any 12-month period during the relevant time frame. The ALJ accurately summarized these medical records as follows:

> On August 6, 2008, the claimant presented for primary care treatment with complaints of foot pain following reported bunion surgery, as well as additional treatment for hypertension (Ex 1F/26). Such treatment note, however, is of minimal assistance, with the lack of objective medical evidence, other than blood pressure of 139/96 (Ex 1F/26). In December 2008, the claimant presented to the emergency room with swelling of the right foot, diagnosed as cellulitis, and with noted medical history of hashimoto's disease, hyperlipidemia, and chronic obstructive pulmonary disease (Ex 2F/25). The claimant was generally found with normal physical examinations, outside of edema of the foot (Ex 2F/25-33). Accordingly, the claimant was discharged the same day with antibiotic treatment (Ex 2F/25-33).
>
> The record reveals no evidence of further treatment until May 2009, at which time the claimant presented to the emergency department with complaints of chest pain and shortness of breath (Ex 2F/9-24). The claimant was noted with diminished breath sounds, wheezing, labored breaths, and leg swelling (Ex 2F/15-24). It is of note, however, that the claimant was discharged the same day, diagnosed with wheezing, fever, and lower extremity pain, with chest x-rays being negative and the lack of indication that the claimant required more intensive care (Ex 2F/9-24). The record reveals an additional gap in treatment until November 2009, at which time the claimant reported right leg swelling on November 9, 2009, followed by the left leg two weeks later (Ex 1F/23-24). Such treatment notes, again, are of minimal assistance, however do reveal blood pressure of 115/70 and the lack of shortness of breath (Ex 1F/23-24). In January 2010, the claimant noted complaints of dyspnea and blood pressure of 135/93, with noted primary care treatment for hypothyroidism, obstructive sleep apnea, and asthma (Ex 1F/21). . . . Moreover, physical examination was within normal limits, particularly noting lungs clear to auscultation bilaterally (Ex 1F/21).
>
> The record reveals a gap in treatment from February through May 2010. On June 21, 2010, the claimant presented for primary care treatment with unrelated acute complaints of eye pain (Ex 1F/19). . . . [O]n July 30, 2010, . . . the claimant presented for follow up examination with complaints of fatigue, malaise, and leg swelling,

> with diagnosis to include hypothyroidism and obstructive sleep apnea (Ex 1F/18). The claimant, however, denied chest pain or shortness of breath, and was found with lungs clear to auscultation (Ex 1F/18). On examination, the claimant was generally found within normal limits, except for mild ankle edema (Ex 1F/18).

(Tr. 15-16.) In short, the medical evidence simply does not support plaintiff's testimony that from 2008 onward she was confined to a wheelchair, unable to stand (Tr. 32, 37), and was in disabling back pain (Tr. 38-39). The first indication in the medical records that plaintiff used a wheelchair is an office note from Dr. Kritz in June 2012, nearly two years after plaintiff's insured status expired (Tr. 258). As noted, however, the issue is whether plaintiff was disabled on or before her insured status expired in September 2010, not at some time thereafter.

"Claimant bears the burden of proving . . . entitlement to benefits," *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994), and in this case plaintiff has not met that burden. The ALJ's decision denying benefits is supported by substantial evidence for the reasons stated above. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

                                                  S/ Bernard A. Friedman_____
                                                  BERNARD A. FRIEDMAN
Dated: August 2, 2016             SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan